# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 01, 2025

Mr. Michael Philip Aigen
Stinson, L.L.P.
2200 Ross Avenue
Suite 2900
Dallas, TX 75201

Ms. Deborah Rose Deitsch-Perez
Stinson, L.L.P.
2200 Ross Avenue
Suite 2900
Dallas, TX 75201

Mr. Jeffrey T. Prudhomme
Stinson, L.L.P.
2200 Ross Avenue
Suite 2900
Dallas, TX 75201

    No. 25-10999    Dugaboy Invst Trust v. Highland Capital Mgmt
                     USDC No. 3:24-CV-1531

Dear Counsel,

We have docketed the appeal referenced above. Please use the assigned case number for all future inquires.

**Briefing Notice:** The record is now complete for the purposes of this appeal, as outlined in Fed. R. App. P. 12. The appellant's brief and record excerpts must be submitted within 40 days of the date listed above on November 10, 2025 in accordance with Fed. R. App. P. & 5th Cir. R. 28, 30, and 31. Please review 5th Cir. R. 30.1.2 and 5th Cir. R. 31.1 to determine if you are required to file electronic copies of the brief and record excerpts. If required, electronic copies must be in Portable Document Format (PDF). Please refer to our briefing checklist on the Fifth Circuit's website at: http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist.pdf.

**Paper Copies of Briefs Not Required unless directed by the Clerk.** The court has waived requirement to file paper copies of briefs or record excerpts. Should paper copies be required, the clerk will notify you and instruct the number of copies to file.

**Brief Covers:** The case captions on brief covers must match the case captions on the enclosed title caption sheets exactly. Any modifications to the captions must be corrected before the brief is submitted to the court.

**Record Excerpts:** As specified in 5th Cir. R. 30.1.7(c), an appellant must file record excerpts. The electronic PDF version of the record excerpts should include pages representing the "tabs" identified in the document index. If you are notified to provide paper copies of the excerpts, please ensure that copies filed contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review.

**Policy on Extensions:** The court grants extensions sparingly, following the criteria outlined in 5th Cir. R. 31.4. If you request an extension, you must notify opposing counsel and inform us whether the extension is opposed or unopposed. Note that, except in extraordinary circumstances, the maximum extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

**Reply Brief:** Cases are generally not submitted to the court until all briefs are filed, except in criminal appeals. Reply briefs must be filed within the 21-day period specified in Fed. R. App. P. 31(a)(1). Please refer to 5th Cir. R. 31.1 to determine if electronic copies of the reply brief are required, and for guidance on format.

**Dismissal of Appeals:** Please be aware that the clerk may dismiss appeals without notice if briefs are not filed on time, or if other rules are not followed.

**Appearance Form:** If you have not yet electronically filed a "Form for Appearance of Counsel," please do so within 14 days of this notice. Ensure that you name each party you represent, as required by Fed. R. App. P. and 5th Cir. R. 12. The form is available on the Fifth Circuit's website at www.ca5.uscourts.gov.

**Brief Template:** The clerk's office provides brief templates and a tool to check briefs for potential deficiencies before docketing. To access these resources, log in to CM/ECF and select 'Brief Template' (Counsel Only) or 'PDF Check Document' from the Utilities menu or the "Attorney Toolbox".

**Electronic Record on Appeal (EROA):** We permit you to download all or part of the electronic record on appeal (EROA) after this is approved by the U.S. District Court. You will receive a notice when access to the EROA is available. Counsel must be approved for electronic filing and be listed as an attorney of record in the case before access will be granted. Instructions for accessing and downloading the EROA will be included in the notice you receive from the district court, but are also available here: http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.

Please note that sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. You must file a motion in our court for access to sealed documents, which will be provided by the district court only upon the filing and granting of a motion by our court.

**Video/Audio Exhibits:** If this record contains exhibits, such as dash cam or body cam videos, that need to be submitted to the court, please provide them to the District Court in MP4 format for submission to our court.

**Citation Guidelines:** Pursuant to 5th Cir. R. 28.2.2, use the following citation format:

- For single record cases, use "ROA." followed by the page number (e.g., "ROA.123").

- For multiple record cases, cite "ROA." followed by the Fifth Circuit appellate case number, followed by the page of the record (e.g., "ROA.13-12345.123").

- Each citation must end with a period (.) or semicolon (;).

**Pro Se Litigants:** If you are a pro se litigant, you may request the record from the district court to prepare your brief. Those proceeding in forma pauperis may receive the record without payment of shipping costs. If you wish to receive exhibits, you must specifically request them. Upon receiving the record, please review it within 14 days for any missing or incomplete items. If you need to request a supplemental record or order transcripts, do so promptly. The court will not grant extensions of time to file your brief due to a delay in checking the record.

**Reminder Regarding Sealed Documents:** Our court presumes the public has a right to court records, and request to seal pleadings, record excerpts, or other documents must be justified with particularity. Simply stating that the originating court sealed the matter is insufficient. Counsel is responsible for justifying a request to file under seal, as well as for notifying the court when sealing is no longer necessary. An unopposed motion to seal does not relieve counsel of the obligation to justify the motion.

**Signing Pleadings.** While our rules do not directly regulate the process by which a party or an attorney produces the filing—such as writing it personally with no assistance, delegating part of its preparation to another, or using generative artificial intelligence, the signature is an attestation that the signer has reviewed the filing and is responsible for the accuracy of its contents.

If you have any questions or require further assistance, please do not hesitate to contact our office.

Sincerely,

LYLE W. CAYCE, Clerk

```
                              By: /s/ Jasmine Forman
                              Jasmine Forman, Deputy Clerk
                              504-310-7649
```

Enclosure(s)

cc w/encl:
    Mr. Zachery Z. Annable
    Mr. Gregory Vincent Demo
    Ms. Melissa Sue Hayward
    Mr. Jordan A. Kroop
    Mr. John A. Morris
    Mr. Jeffrey N. Pomerantz
    Ms. Hayley R. Winograd

_____

Case No. 25-10999

_____

In the Matter of: Highland Capital Management, L.P.

        Debtor

Dugaboy Investment Trust,

        Appellant

v.

Highland Capital Management, L.P.; Highland Claimant Trust,

        Appellees