Case No. 25-10999

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

In the Matter of: Highland Capital Management, L.P.,

Debtor,

Dugaboy Investment Trust,

Appellant,

v.

Highland Capital Management, L.P., and Highland Claimant Trust

Appellees.

---

Appeal from the United States District Court for the
Northern District of Texas, the Honorable Brantley Starr
Civ. Act No. 3:24-cv-01531-X

---

## APPELLANT'S REPLY BRIEF

---

**STINSON LLP**
Deborah Deitsch-Perez, Esq.
Jeffrey Prudhomme, Esq.
Michael Aigen, Esq.
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
deborah.deitschperez@stinson.com
jeffreyprudhomme@stinson.com
michael.aigen@stinson.com
**ATTORNEYS FOR APPELLANT**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................1

II.    ARGUMENT.............................................................................2

    1.    Appellant Did Not Raise New Bases or New Claims. ............2

    2.    The CTA Does Not Bar Appellants from Seeking Additional Financial Information from Appellees. ...............8

    3.    Appellant Properly Briefed the Issue Regarding the Dismissal of Counts Two and Three. ...................................13

III.    CONCLUSION ........................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                          **Page(s)**

*Berry v. Berry*,
   646 S.W.3d 516 (Tex. 2022) ...................................................................9, 10, 11

*Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re
   Highland Cap. Mgmt., L.P.)*,
   No. 3:23-CV-1503-B, 2024 WL 4139647 (N.D. Tex. Sept. 10,
   2024) ..............................................................................................3, 4, 5, 6, 8

*Edwards v. Gillis*,
   146 Cal. Rptr. 3d 256 (Cal. Ct. App. 4th Dist. 2012) ........................................13

*Est. of Cornell v. Johnson*,
   367 P.3d 173 (Idaho 2016) ...........................................................................13

*Hill v. Hunt*,
   Civ. No. 3:07-CV-2020-O, 2009 WL 5178021 (N.D. Tex. Dec. 30,
   2009) .........................................................................................................10, 11

*Lovick v. Ritemoney Ltd.*,
   378 F.3d 433 (5th Cir. 2004) ............................................................................5

*In re Nat'l Collegiate Student Loan Trusts Litig.*,
   251 A.3d 116 (Del. Ch. 2020) ........................................................................12

*Paul Cap. Advisors, L.L.C. v. Stahl*,
   2022 WL 3418769 (Del. Ch. Aug. 17, 2022) ...............................................9, 10

*Rende v. Rende*,
   No. 2021-0734-SEM, 2023 WL 2180572 (Del. Ch. Feb. 23, 2023) ..................12

*Smith v. Toyota Motor Corp.*,
   978 F.3d 280 (5th Cir. 2020) ............................................................................3

*Tigani v. Tigani*,
   Civ. No. 2017-0786-KSJM, 2021 WL 1197576 (Del. Ch. Mar. 30,
   2021), *aff'd*, 271 A.3d 741 (Del. 2022) .............................................................9

*In re Tr. Under Will of Flint for the Benefit of Shadek*,
  118 A.3d 182 (Del. Ch. 2015) ...............................................................9

*Wells Fargo Bank Texas, N.A. v. Foulston Siekin LLP*,
  348 F. Supp. 2d 772 (N.D. Tex. 2004) .............................................10

**Statutes**

Del. Code Ann. tit. 12, § 3809 ...............................................................12

Investment Advisors Act Section 215 .................................................3, 4

Texas Property Code Title 9 .................................................................11

**Other Authorities**

Fed. R. App. P. 28(a)(8)(A) ....................................................................3

Fed. R. App. P. 32(a)(6).........................................................................16

Fed. R. App. P. 32(a)(7)(B)(iii) .............................................................16

Fed. R. Civ. P. 12(b)(6).........................................................................13

Restatement (Second) of Trusts § 198 (1959) ...................................13

Restatement (Third) of Trusts...........................................................9

CORE/3524155.0004/236073792.1

## APPELLANTS' REPLY BRIEF

Appellant Dugaboy Investment Trust ("Dugaboy" or "Appellant") submits this reply brief, in support of which they state as follows:

## I.     INTRODUCTION

Appellant filed its Complaint against Appellees Highland Capital Management, L.P. ("HCMLP") and the Highland Claimant Trust ("Claimant Trust") (collectively, "Appellees" or "Highland") to obtain information about the assets and liabilities of the Claimant Trust. Appellant alleged three claims in its adversary proceeding: Count I requested an accounting; Count II requested a declaratory judgment regarding the value of the Claimant Trust assets; and Count III requested a declaratory judgment and determination regarding the nature of Appellant's interests in the Claimant Trust.

Appellees argue that language in the Claimant Trust Agreement (the "CTA") defeats all of Appellant's claims and that Appellant's arguments to the contrary improperly rest on "new claims" that are not set forth in the Complaint. As shown below, however, Appellant pled all the necessary allegations in its Complaint and none of its arguments in opposition to Appellees' motion to dismiss rested upon "new claims."

More precisely, Appellant adequately pleads that its contingent interest should have, but for Appellees' wrongful conduct, already vested, and thus Appellant is

1

entitled under Delaware law to be treated as a Claimant Trust Beneficiary regardless of the language of the CTA. This right flows inexorably from the trustee's duty of good faith and fair dealing, which the CTA does not even purport to disclaim, and that cannot be disclaimed in any event.

Finally, Appellee argues that Appellant failed to challenge the lower courts' contingent dismissal of Counts 2 and 3 of the Complaint, but that argument rests on an outright misrepresentation about the briefing below.

In the end, none of Appellees' arguments justify the bankruptcy court's or the district court's error. The Court should reverse.

## II.    ARGUMENT

### 1.    Appellant Did Not Raise New Bases or New Claims.

Appellees incorrectly argue that Appellant "inappropriately" raised "new legal and factual bases" and "new claims" in response to Highland's motion to dismiss.[1] Specifically, Appellees contend that the following three arguments were not pled in the Complaint: "(i) Dugaboy is a current beneficiary of the Claimant Trust under Delaware common law, (ii) the Claimant Trustee is obligated to vest their contingent, inchoate interests immediately—notwithstanding the CTA's terms and irrespective of the duties owed to senior—and that the failure to do so constitutes a breach of the duty of good faith and fair dealing, and (iii) it is entitled to an

---

[1] Appellees' Brief at 12.

accounting of the Claimant Trust's assets under Delaware and Texas law."[2] Appellees' contention was also raised below but not addressed by the district court.

In support of its contention that Dugaboy's supposedly "new" arguments should be disregarded, Appellees cite *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, No. 3:23-CV-1503-B, 2024 WL 4139647, at *5 (N.D. Tex. Sept. 10, 2024) ("However, '[i]t is wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time.'") (citations omitted) (hereinafter "DAF").[3]

*DAF* is inapposite to the facts here. In *DAF*, the district court addressed whether plaintiffs properly pled a claim under Section 215 of the Investment Advisors Act ("IAA"), which allows a court to treat certain contracts made in violation of the IAA as void. *Id.* at *4. In that case, plaintiffs asserted only one claim under Section 206 of the IAA (which imposes fiduciary duties on investment advisors) but never pled claims under Section 215. *Id.* The district court noted that the complaint never cited Section 215 and never even alleged that the agreement at

---

[2] *Id.* While falsely arguing that Appellant inappropriately made new arguments here, Appellees make new arguments based on facts and speculation not contained anywhere in the record, let alone in the Complaint. In a footnote in their Appellees' Brief, Appellees, without a citation to anything in the record, speculate that Appellant will never be "in the money" based on unsupported allegations related to how much money is supposedly currently in the estate, how much money might be collected in the future, and how much money might be distributed at some uncertain time in the future. Appellees' Brief at n. 4. This is improper and should be ignored by the Court. Fed. R. App. P. 28(a)(8)(A); *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) ("Factual allegations not contained in the record may not be raised on direct appeal.").
[3] Appellees' Brief at 12.

CORE/3524155.0004/236073792.1

issue was void because it violated the IAA. *Id.* In response, plaintiffs there argued that because Section 215 allows for equitable relief and plaintiffs asked for equitable relief in their complaint, they had in essence asserted a claim under Section 215. *Id.* at *5.

The district court in *DAF* found that argument "far too attenuated" and held it was not sufficient that plaintiffs "asserted a claim under a statutory provision that was mentioned nowhere in their Complaint solely because of one of five forms of relief they claimed to be entitled to recover" was available under that statutory provision. *Id.* The district court reasoned that the defendants did not have fair notice of any claim under Section 215 because to hold otherwise "would effectively require defendants to look at each remedy a plaintiff requested and then by process of reverse engineering, determine every possible statutory provision that a plaintiff could conceivably use to seek that relief." *Id.* The district court added that it was not sufficient to raise a "new claim" argument in response to a motion to dismiss when that "claim" was not pled in the complaint. *Id.* Notably, nothing in the *DAF* opinion addresses purportedly new arguments or factual allegations made in response to a motion to dismiss; it only addressed new claims.

This case bears no resemblance to *DAF*. Appellant alleged three claims in the adversary proceeding: Count I requested an accounting; Count II requested a declaratory judgment regarding the value of the Claimant Trust assets; and Count III

4

requested a declaratory judgment and determination regarding the nature of Appellant's interests in the Claimant Trust.[4] As explained below, the arguments that Appellees allege are new are neither new arguments nor new claims. Rather, they are previously made allegations (and arguments) supporting *existing* claims.

First, Appellees argue that Appellant's assertion that "they are beneficiaries under Delaware common law" is improper based on the finding in *DAF* barring a party from raising new claims in response to a motion to dismiss.[5] Putting aside that this appeal does not present that procedural posture, Appellees' assertion that Appellant raised new claims for the first time on appeal is wrong. Appellant cites Delaware common law in its briefing, not to raise a new or different claim than the claims asserted, but to support their existing claims. Specifically, Count I requested an accounting, and Appellant cited Delaware common law throughout their Appellant Brief (and the response to the Motion to Dismiss) to explain how Delaware courts interpret statutory language and to explain how and why Appellant should be treated as a beneficiary entitled to an accounting.[6] Appellant Brief at 20-22.[7] Appellees fail to explain how these arguments constitute new claims barred under *DAF*.

---

[4] Complaint, **ROA.2880-2907**.
[5] Appellees' Brief at 12.
[6] Appellant's Opening Brief filed in 3:24-cv-01531, **ROA.3714-3716**.
[7] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) ("For that review, the complaint is construed in the light most favorable to plaintiff, accepting as true well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.").

Second, Appellees argue, without any explanation, that Appellant's assertion that a request for an accounting is available under Texas law is also an improper new claim under *DAF*.[8] Again, Appellees are wrong. Appellant sought an accounting in Count I of their Complaint. It did not specify whether this right arose from Delaware law, Texas law, or both, as no such pleading requirement exists. Nor have Appellees ever argued that pleading choice of law was required. Notably, in its Motion to Dismiss, Appellees argued the accounting claim failed under both Delaware and Texas law,[9] meaning that Appellees were clearly on notice that Appellant's claims could be based on Delaware or Texas law. Moreover, in response to Appellees' Motion to Dismiss, Appellant specifically argued that it had a right to accounting under both Delaware and Texas law,[10] as Appellant also did in its Appellant Brief to the district court.[11] Appellant Brief at 16-19. So, this is not a situation where Appellant is raising a new argument for the first time on appeal. Appellees fail to explain how providing a choice-of-law analysis and arguing alternative choices of law constitutes making a new claim under *DAF*.

Third, Appellees argue that, under *DAF*, they were entitled to raise on a motion to dismiss the supposed failure of conditions, even if caused by Mr. Seery's

---

[8] Appellees' Brief at 12.
[9] Motion at 22-23, **ROA.2816-2817**.
[10] Response to Motion to Dismiss at 21-23, **ROA.2991-2993**.
[11] Appellant's Opening Brief filed in 3:24-cv-01531, **ROA.3710-3713**.

6

breach of the implied duty of good faith and fair dealing. Not only does this argument make no sense, but its factual predicate – that Appellants had not raised Mr. Seery's breach of good faith and fair dealing in the complaint – is false.[12] Appellant made express allegations regarding Mr. Seery's breach of the implied duty of good faith in its Complaint:

- "Plaintiffs are especially concerned because the information they have gleaned suggests inappropriate self-dealing that undermines confidence in the Debtor's financial reporting, making the relief sought herein all the more important." ROA.2882-2883 at ¶ 4.

- "Because Mr. Seery and the Debtor have failed to operate the estate in the required transparent manner, they have been able to justify pursuit of unnecessary avoidance actions (for the benefit for the benefits of the professionals involved), even though the assets of the estate, if managed in good faith, should be sufficient to pay all creditors." ROA.2883 at ¶ 6.

- "Because of the lack of transparency to date, unless the relief sought herein is granted, there will be no checks and balances to prevent a wrongful failure to certify, much less any process to ensure that the estate has been managed in good faith so as to enable all interest

---

[12] Appellees' Brief at 12.

holders, including the much-maligned equity holders, to receive

their due." ROA.2883-2884 at ¶ 7.

Accordingly, Appellees are simply incorrect. The allegations about Mr.

Seery's breach of the duty of good faith and fair dealing are not new and were

asserted in the Complaint. More importantly, however, these allegations are not new

"claims" under DAF, and Appellees make no effort to justify their contention to the

contrary. Appellees' contention below that Appellant impermissibly asserted

supposedly new arguments or "claims" should be rejected by the Court.

## 2. The CTA Does Not Bar Appellants from Seeking Additional Financial Information from Appellees.

Appellees next argue that "Dugaboy is not a Claimant Trust Beneficiary and

has no right to information regarding the Claimant Trust under the CTA and the

DSTA." Appellee Brief at 18. Specifically, Appellees argue that Appellant has no

information rights under the CTA or Delaware law (Appellee's Brief at 18), that

Texas law providing Appellant with certain equitable claims does not apply

(Appellees' Brief at 23), and that the duty of good faith and fair dealing does not

afford Appellant any right to obtain critical information (Appellees' Brief at 26).

Appellees' arguments are unavailing.

First, as alleged in the Complaint, under Delaware law, Appellant is an

intended (albeit contingent) beneficiary of the Claimant Trust, giving them, without

limitation, equitable rights to investigate and prevent bad faith conduct. As

CORE/3524155.0004/236073792.1

Appellant explained in their Appellant Brief, the language of the CTA is not dispositive. Appellant Brief at 18-21. "Beneficiary" does not have a statutory definition under Delaware law, and Delaware courts follow the RESTATEMENT (THIRD) OF TRUSTS,[13] which defines beneficiaries to include contingent beneficiaries. Appellant Brief at 20-21. Highland's only response to this is the argument that "'the beneficial owner' of a trust is determined by the trust's governing instrument." Appellees' Brief at 19. This argument ignores the applicable law. Although the CTA may define "beneficiaries," Delaware law dictates which entities and individuals have rights vis-à-vis a Delaware statutory trust. Delaware statutory law indisputably affords contingent beneficiaries (particularly under circumstances where such beneficiaries should be considered vested beneficiaries) as beneficiaries with rights under the CTA. *See* Appellant Brief at 18-20. As such, Appellant is a beneficiary "with an interest in the 'particular purposes of and matters involved in' this proceeding," and therefore they fall "within the class of persons authorized by statute to maintain [their] claims." *Berry v. Berry*, 646 S.W.3d 516, 529 (Tex. 2022).

In response, Appellees rely on *Paul Cap. Advisors, L.L.C. v. Stahl*, 2022 WL 3418769 (Del. Ch. Aug. 17, 2022), as corrected (Aug. 25, 2022), to argue that "the

---

[13] *See, e.g.*, *In re Tr. Under Will of Flint for the Benefit of Shadek*, 118 A.3d 182, 195 (Del. Ch. 2015); *Tigani v. Tigani*, Civ. No. 2017-0786-KSJM, 2021 WL 1197576, at *14 n. 203 (Del. Ch. Mar. 30, 2021), *aff'd*, 271 A.3d 741 (Del. 2022).

9

CTA and Plan manifest Highland's intent to *exclude* Dugaboy from the definition of 'Claimant Trust Beneficiary' unless and until certain specified conditions are met." Appellees' Brief at 21. Appellees' reliance on *Paul*, however, is misplaced. Unlike the plaintiff in *Paul*, an unpublished case, here Appellant's interests in the Claimant Trust are neither "incidental" nor derived from an outside contract. The court in *Paul* specifically relied on the fact that the trust agreements in that case were "fully integrated," but there is no merger clause in the CTA.[14] *Paul*, 2022 WL 3418769, at *10–11. Appellees ignore this distinction.

Second, Appellees argue that Texas law cannot apply to Appellant's claims. Appellees' Brief at 23. But as argued at length in their Appellant Brief, Appellant is entitled to an accounting under Texas law because "matters of remedy and procedure are governed by the laws of the state where the action is sought to be maintained." *Wells Fargo Bank Texas, N.A. v. Foulston Siekin LLP*, 348 F. Supp. 2d 772, 783 (N.D. Tex. 2004), *vacated on other grounds*, 465 F.3d 211 (5th Cir. 2006). Appellees do not dispute this general proposition or even address the *Wells Fargo* case.

Appellant cites two additional Texas cases *Hill v. Hunt*, Civ. No. 3:07-CV-2020-O, 2009 WL 5178021, at *2 (N.D. Tex. Dec. 30, 2009) and *Berry v. Berry*, 646 S.W.3d 516, 529 (Tex. 2022)), to support their argument that the holder of any

---

[14] *See* CTA, **ROA.1114-1152**.

CORE/3524155.0004/236073792.1

vested or contingent interest may bring an accounting claim against a trustee under Texas law. Appellant Brief at 16-17. Appellees' only response to these two cases is that they are distinguishable because they relied on Title 9 of the Texas Property Code. Appellees fail to explain why this is a distinction with a difference (Appellee Brief at 24) and provides no countervailing authority requiring that the law cited by Appellants should be ignored.

Importantly, Appellees also do not challenge that under Texas law, the holder of "any interest, whether legal or equitable or both, present or future, vested *or contingent*, defeasible or indefeasible," as "may vary from time to time," may bring a claim for an accounting against the trustee. *See Hill v. Hunt*, Civ. No. 3:07-CV-2020-O, 2009 WL 5178021, at \*2 (N.D. Tex. Dec. 30, 2009) (emphasis added) (citing Tex. Prop. Code §§ 111.004(6)–(7)); *Berry*, 646 S.W.3d at 528 (citing Tex. Prop. Code §§ 111.004(6)–(7)). Appellant is a beneficiary "with an interest in the 'particular purposes of and matters involved in' this proceeding," and therefore they fall "within the class of persons authorized by statute to maintain [their] claims." *Berry*, 646 S.W.3d at 529.

Third, Appellees argue that the duty of good faith and fair dealing does not afford Appellant any right to obtain critical information from the Claimant Trust. Specifically, Appellees argue that Appellant is impermissibly attempting to "invoke the implied covenant of good faith and fair dealing to rewrite the CTA's

11

bargained for terms, which, among other things, allow the Claimant Trustee to establish and maintain indemnification reserves and limits information rights." Appellees' Brief at 27.

Appellees do not dispute that, under Delaware law, a trust agreement may not eliminate the trustee's duty of good faith and fair dealing, and that the CTA does not purport to disclaim that duty.[15] As Appellant explained in its opening brief, observance of that duty precludes any conclusion that the language of the CTA eliminates Appellant's right to receive information.

Under Delaware law, unless the governing trust agreement says otherwise, the trustee of a statutory trust has those duties set forth in common law, including the duties of loyalty, good faith, and due care. *See* Del. Code Ann. tit. 12, § 3809; *Rende v. Rende*, No. 2021-0734-SEM, 2023 WL 2180572, at *11 (Del. Ch. Feb. 23, 2023). While a governing trust agreement may expressly disclaim these duties (although this one does not), Delaware law prohibits the elimination of the duty of good faith and fair dealing. *In re Nat'l Collegiate Student Loan Trusts Litig.*, 251 A.3d 116, 185–86 (Del. Ch. 2020) ("While parties may agree to waive default fiduciary duties, the DSTA forbids parties from eliminating the 'implied *contractual* covenant of good faith and fair dealing.'") (emphasis in original) (citing Del. Code Ann. tit. 12, § 3806(c)).

---

[15] CTA § 11.10, **ROA.1150**.

Appellees also ignore the cases cited in the Appellant Brief establishing that Mr. Seery's refusal to issue the GUC Certification and recognize the vesting of Classes 10 and 11 warrants treating those classes as fully vested. "[V]esting cannot be postponed by unreasonable delay in distributing an estate and … when there is such delay, contingent interests vest at the time distribution *should* have been made." *Est. of Cornell v. Johnson*, 367 P.3d 173, 178 (Idaho 2016) (emphasis added) (discussed in RESTATEMENT (SECOND) OF TRUSTS § 198 (1959)); *see also Edwards v. Gillis*, 146 Cal. Rptr. 3d 256, 263 (Cal. Ct. App. 4th Dist. 2012) ("[W]hen there is [unreasonable] delay[,] contingent interests vest at the time distribution should have been made."). In short, Appellant's contingent interests should have been recognized as vested long ago. Thus, as Appellant properly pled, the law treats Appellant as a Claimant Trust Beneficiary regardless of the language of the CTA.

### 3. Appellant Properly Briefed the Issue Regarding the Dismissal of Counts Two and Three.

As specifically set forth in the Appellant Brief, the courts below further erred by concluding that Counts Two and Three, which seek declaratory relief, fail to state a claim under Fed. R. Civ. P. 12(b)(6) for the sole reason that those counts are predicated on the court first granting the relief requested in Count One.[16]

---

[16] District Court Order at 5-6, **ROA.3818-3819**.

In response to this straightforward argument, Appellees suggest that Appellant ignored and thus waived its ability to challenge this contingent dismissal of Counts Two and Three. Appellees' Brief at 28-30. Appellees are simply incorrect; it appears that Appellees simply overlooked a section of the Appellant Brief. Appellant specifically asserted that "a reversal of the dismissal of Count 1 requires a reversal of the bankruptcy court's dismissal of Counts Two and Three." Appellant Brief at 24. Appellant did not waive its argument.

## III.    CONCLUSION

For all the reasons set forth here and in Appellant's Brief, Appellant asks this Court to reverse the district court's order affirming the bankruptcy court's decision dismissing this case. Appellant also requests all further relief that the Court deems just and proper.

CORE/3524155.0004/236073792.1

Respectfully submitted this 31st day of December 2025,

By: */s/Deborah Deitsch-Perez*
       Deborah Deitsch-Perez, Esq.
       Jeffrey Prudhomme, Esq.
       Michael Aigen, Esq.
       2200 Ross Avenue, Suite 2900
       Dallas, TX 75201
       Telephone: (214) 560-2201
       Facsimile: (214) 560-2203
       deborah.deitschperez@stinson.com
       jeffreyprudhomme@stinson.com
       michael.aigen@stinson.com
       **STINSON LLP**
       2200 Ross Avenue, Suite 2900
       Dallas, TX 75201
       Telephone: (214) 560-2201
       Facsimile: (214) 560-2203

       **ATTORNEYS FOR APPELLANT**

15

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(b) as amended by order dated, October 16, 2023, in that this brief contains 3572 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point for footnotes).

By: */s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2025, the foregoing Motion was electronically filed using the appellate CM/ECF system. I further certify that all participants here are registered CM/ECF users and that service will be accomplished via CM/ECF.

By: */s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

CORE/3524155.0004/236073792.1